UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES TINGLER, *Pro Se*, | ) | Case No.: 1: 20 CV 2664 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| ERIN HOSTON, | ) | |
| | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Defendant | ) | <u>AND ORDER</u> |

**Introduction**

*Pro Se* Plaintiff Charles Tingler has filed a prisoner civil rights complaint against Ohio Parole Authority Officer Erin Hoston.  (Doc. No. 1.)

In his complaint, he indicates he is a "post release control violator" and alleges his constitutional rights under the First and Eighth Amendments were violated in connection with Ohio Parole Board sanctions issued against him, including incarceration, for post release control violations involving contacting government officials.  He seeks "immediate release," money damages, and to "prevent the Ohio Parole Board from issuing sanctions against [him] regarding contacting government officials."  (*Id*. at 5.)

**Standard of Review**

Federal district courts are expressly required to review any complaint "in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* complaints must still set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in order to avoid dismissal. *Hill v. Lappin,* 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motions to dismiss governs dismissals of *pro se* prisoner complaints under 28 U.S.C. § 1915A).

## Discussion

Upon review, the court finds that the Plaintiff's complaint must be dismissed. Even liberally construed, it does not allege any plausible claim upon which he may be granted relief in a civil rights action.

First, where a person in state custody challenges the validity of a criminal sentence and the relief he seeks is his immediate release or a speedier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Post-release control in Ohio is part of a judicially imposed sentence, and individuals subject to post-release control are "in custody" for purposes of the *habeas corpus* statute. *See, e.g., In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016). Accordingly, to the extent the Plaintiff seeks "immediate release" from state custody, his sole federal remedy is a writ of *habeas corpus*.

Second, the Plaintiff has not alleged a plausible claim civil rights claim under 42 U.S.C. § 1983. Although the Plaintiff apparently believes he should not have been sanctioned by the Ohio Parole Board for post release control violations, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must first demonstrate that the conviction or sentence in question has been reversed on direct appeal, overturned by a state governing body, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). *Heck* is applicable to parole revocation decisions and sanctions involving incarceration for post release control violations. *See Lathan v. United States*, No. 3: 18 CV 2115, 2019 WL 857962, at *4 (N.D. Ohio Feb. 22, 2019) (applying *Heck* to post release control sanctions)*; see also Pettus-Brown v. Adult Parole Authority*, No. 2: 18 CV 82, 2019 WL 2058627, at *1 (S.D. Ohio May 9, 2019) (adopting Report and Recommendation applying *Heck* to a complaint challenging to the constitutionality of Ohio's post-release control statute and requests declaratory and injunctive relief). The Plaintiff has not demonstrated that the Ohio Parole Board sanctions of which he complains have been invalidated or set aside in any of the ways articulated in *Heck*.

Further, the Eleventh Amendment is an absolute bar to the imposition of liability upon states, state agencies, and state employees and officers sued in their official capacities. *See Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985)*; see also Mockbee v. Scioto Cty. Adult Parole Auth.*, No. 1:17-cv-254, 2017 WL 2222322, at *3 (S.D. Ohio May 22, 2017) (the Ohio Parole Board is a state agency immune from suit). Although a plaintiff can bring claims against state employees and officers acting in their individual capacities, to do so, a plaintiff must allege facts demonstrating how an individual defendant was personally involved in the activities

which form the basis of his claims. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381, at *1 (6th Cir. 1995). The Plaintiff has not alleged facts suggesting that or how Defendant Hoston was personally involved in violations of his First and Eighth Amendment rights.

## Conclusion

For all of the foregoing reasons, the Plaintiff's civil rights complaint fails to state a plausible civil rights claim upon which he may be granted relief and is dismissed in accordance with 28 U.S.C. § 1915A. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                   */s/ Solomon Oliver, Jr.*
                                                   SOLOMON OLIVER, JR.
                                                   UNITED STATES DISTRICT COURT JUDGE

February 23, 2021